1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9  Veolia Transportation Services, Inc.,  )   No. CV-10-01392-PHX-NVW
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    John Does I-VII,                      )
13                                        )
                Defendants.               )
14                                        )
                                          )
15

16        Before the Court is Plaintiff Veolia Transportation Services, Inc.'s ("Veolia") Second

17  Motion to Conduct Accelerated and Expedited Pre-Service Discovery[1] (Doc. 31), Robert J.

18  Bean's Response to Plaintiff's Second Motion to Conduct Accelerated and Expedited Pre-

19  Service Discovery (Doc. 33), and Plaintiff's Reply in Support of Second Motion to Conduct

20  Accelerated and Expedited Pre-Service Discovery and Motion to Compel (Doc. 36).

21  **I.    Background**

22        The Court granted Veolia leave on July 13, 2010, to conduct pre-service discovery of

23  third-party email providers Google, Yahoo, and Microsoft for the sole purpose of

24  ascertaining the identities of the proper John Doe defendants to this litigation. (Doc. 9.)

25  Under purported authority of the July 13 order, Veolia also subpoenaed Mr. Robert Bean, a

26

27  [1]Plaintiff's motion also requested the Court vacate its October 25, 2010 order that this action
    be dismissed unless Plaintiff complied with Fed. R. Civ. P. 4; that request has already been
28  addressed by the Court's November 5, 2010 order. (Doc. 32.)

1  non-party, on September 1, 2010.  Mr. Bean moved for a protective order pursuant to Fed.

2  R. Civ. P. 26(c) and for an order quashing the Subpoena Duces Tecum pursuant to Rule

3  45(b)(3)(A)(iv) on the basis that the Court's July 13 order was limited to the third-party email

4  providers identified in the motion. (Doc. 16.)  The Court heard oral argument on Mr. Bean's

5  motion on October 6, 2010, and concluded that its July 13 order did not authorize Veolia to

6  subpoena Mr. Bean because the requested discovery was specifically limited to subpoenas

7  of the anonymous emailer's email providers.  The Court accordingly issued an order granting

8  Mr. Bean's protective motion (Doc. 28.)

9  However, recognizing that Mr. Bean had been afforded fair notice and process by the

10  briefing and oral argument, the Court granted Veolia's request to amend the Court's July 13

11  order to permit limited discovery against Mr. Bean for the sole purpose of identifying the

12  anonymous emailers. (Doc. 28.)  Veolia deposed Mr. Bean on October 14, 2010.  (Doc. 31-

13  2.)  Veolia then filed this second motion for pre-service discovery, seeking discovery from

14  other targets it has identified as likely having knowledge relating to the anonymous

15  Defendants' identity, as well as additional discovery from Mr. Bean. (Doc. 31.)  Mr. Bean

16  filed a response objecting to Veolia's request for discovery and requesting that if additional

17  discovery is authorized as to Mr. Bean, Qwest, and the Amalgamated Transit Union

18  ("ATU"), it be conducted by a third-party expert reviewer and subject to other safeguards.

19  (Doc. 33.)  In its reply to Mr. Bean's response, Veolia specified its discovery request and

20  agreed to have a third-party expert conduct the additional discovery of Mr. Bean and the

21  ATU.

22  **II.    Discovery Requests**

23  In its current motion for pre-service discovery, Plaintiff requests permission to

24  conduct discovery of the following targets for the sole purpose of determining the identities

25  of the proper parties to this action:

26  1) Hotels and other locations, in Arizona and Atlanta, providing free internet access
and used by the Doe Defendants to access the anonymous e-mail accounts.

27

28  2) Google, Microsoft and Yahoo, where the Doe Defendants registered the
anonymous accounts, to the extent supplemental information is needed.

3)  ISPs providing service used by the Doe Defendants to access the anonymous e-mail accounts.

4) Qwest, regarding correspondence Veolia knows or has information to believe was sent from, to or between Mr. Bean, Ms. Evanson and/or the Doe Defendants.

5) Hard drives, computers and servers Veolia has information to believe may contain information responsive to the subpoena to Mr. Bean and/or likely to lead to the identification of the Doe Defendants.

6)  Terri McGraw, to testify and produce documents, based on Mr. Bean's testimony at his deposition identifying her as a witness.

Veolia has shown good cause to conduct the requested limited pre-service discovery for the sole purpose of identifying the Doe Defendants.  Where the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Veolia has explained its efforts to ascertain the identities of the Doe Defendants, which have been unsuccessful.  The Court will therefore exercise its discretion to allow Veolia to conduct limited pre-service discovery and to excuse Veolia from the meet and confer requirements of Rule 26(d) and Rule 26(f) for the sole purpose of ascertaining the identities of the Doe Defendants.

Veolia has agreed in its reply brief to have an independent third-party expert conduct the additional discovery of Mr. Bean and the ATU.  The Court finds that the discovery requested of Mr. Bean, Qwest, and the ATU shall be conducted by a third-party expert.  In the event the parties cannot agree to the terms of the third party expert's review, the parties shall submit to the Court alternative proposed forms of order outlining the proposed discovery terms, and the Court will choose one of the proposed forms.

IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Conduct Accelerated and Expedited Pre-Service Discovery (Doc. 31) is granted to the extent that Veolia may engage in accelerated and expedited pre-service discovery as set forth below, for the sole and limited purpose of identifying the Doe Defendants.  Specifically, Veolia is hereby excused from the meet and confer requirement of Rules 26(d) and 26(f) of the Federal

1  Rules of Civil Procedure, and is permitted to conduct limited discovery of the following

2  targets for the sole purpose of identifying the Doe Defendants:

3      1)  Hotels and other locations, in Arizona and Atlanta, providing free internet access
       and used by the Doe Defendants to access the anonymous e-mail accounts.

4
       2)  Google, Microsoft and Yahoo, where the Doe Defendants registered the
5      anonymous accounts, to the extent supplemental information is needed.

6      3)  ISPs providing service used by the Doe Defendants to access the anonymous e-
       mail accounts.

7
       4)  Qwest, regarding correspondence sent from, to or between Mr. Bean, Ms. Evanson
8      and/or the Doe Defendants, for the sole purpose of identifying the Doe Defendants.

9      5)  Mr. Bean's and the ATU's hard drives, computers and servers that may contain
       information likely to lead to the identification of the Doe Defendants.

10
       6)  Terri McGraw, to testify and produce documents relating to the identification of
11     the Doe Defendants, based on Mr. Bean's testimony at his deposition identifying her
       as a witness.

12
       IT IS FURTHER ORDERED that Plaintiff's discovery of Mr. Bean, Qwest, and the
13
   ATU is to be conducted by a third-party expert.  In the event the parties cannot agree on the
14
   terms of the third-party expert's review, they shall submit alternative proposed forms of order
15
   outlining the proposed discovery terms from which the Court may choose.
16
       DATED this 13th day of December, 2010.
17

18

19                                          _____
                                            James A. Teilborg
20                                          United States District Judge

21

22

23

24

25

26

27

28