**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veolia Transportation Services, Inc., <br> Plaintiff, <br> vs. <br> Lydia Evanson and Greg Evanson, husband and wife; John Does I-VII, <br> Defendants. | No. CV 10-01392-PHX-NVW <br> **ORDER** |

Before the Court is Plaintiff Veolia Transportation Services, Inc.'s ("Veolia") Motion for Sanctions (Doc. 94). Although Defendants' response to Veolia's motion was due November 14, 2011, no response has been filed. For the reasons stated below, the Court will grant Veolia's motion and enter default against the Evanson Defendants.

**I.    Background**

This action relates to several anonymous emails sent to Veolia employees, the Phoenix Mayor, the Phoenix City Council, City of Phoenix employees, and various media organizations between June 3, 2010 and July 1, 2010. The anonymous emails were sent from several different email addresses, including veoliaemployees@yahoo.com. The anonymous emails contained information

critical of Veolia and attached internal correspondence between Lydia Evanson ("Evanson"), a former Veolia employee who was terminated on April 8, 2010, and her former supervisor.

Veolia filed its complaint in this Court on July 1, 2010, alleging violation of 18 U.S.C. § 2701, tortious interference with contract, tortious interference with business relationship, breach of contract, breach of the implied covenant of good faith and fair dealing, defamation, false light, conversion, and trespass to chattels related to the anonymous emails and the information disseminated therein (Doc. 1). Because the allegedly actionable emails were sent anonymously, Veolia named "John Does I-VII" as defendants in its complaint (*Id.*).

The Court granted Veolia's motions for pre-service discovery in order to ascertain the identity of the proper defendants to this action (Docs. 9, 28, 39, 62). In its pre-service discovery efforts, Veolia served Evanson with a subpoena duces tecum on August 8, 2010 (Doc. 74-8). The subpoena requested production of documents related to identifying the sender of the anonymous emails, as well as requests for production, inspection, and copying of Evanson's computer hard drives, email files and folders, and other devices (Doc. 74-7).

On August 10, 2010, Evanson executed a sworn declaration that she had never used any of the email addresses from which the anonymous emails were sent and had no knowledge related to the email addresses or the identity of any person who used the email addresses (Doc. 74-9). On that same day, Evanson had her computer hard drive imaged

by Lightsone Solutions, a consulting firm specializing in computer forensics. Lighstone sent Evanson an email on August 31, 2010, indicating that if she did not pay for the image that was taken of her computer hard drive by September 3, 2010, the image would be destroyed (Doc. 75-6). On September 7, 2010, a new hard drive was installed on Evanson's computer. On September 8, 2010, Lightstone again informed Evanson via email that the image of her computer hard drive would be destroyed that day if she did not pay for it (Doc. 75-7). Evanson's attorney responded to that email requesting that the image not be destroyed because there was a "reasonable chance that [Evanson] will need access" to the image (*Id.*). Nonetheless, due to Evanson's failure to pay Lightstone, the image was destroyed on September 8, 2010. Veolia was not given notice that Evanson's hard drive had been imaged, that the image was set to be destroyed, or that a new hard drive had been installed on Evanson's computer.

As part of its pre-service discovery, Veolia also subpoenaed Yahoo! Inc. in order to obtained the IP addresses used to access the veoliaemployees@yahoo.com address. Using the IP address from Yahoo! Inc., Veolia subpoenaed the internet service provider associated with that address, Hughes Network Systems, LLC, and learned that the IP address which was used to access the veoliaemployees@yahoo.com address belonged to an account registered to Evanson at her home address, with Evanson's personal email address as the contact email for the account (Doc. 75-3). At a deposition on June 28, 2011, Evanson admitted that she took the internal emails which were attached to the anonymous emails, as well as other

documents, from Veolia when she was terminated (Doc. 95-1). She also admitted that she logged into the veoliaemployees@yahoo.com account on June 5, 2010 (*Id.*).

Veolia issued a second subpoena to Evanson seeking documents related to the anonymous emails as well as production of Evanson's computer hard drive and other devices (Doc. 75-4). Evanson informed Veolia in a June 13, 2011 letter that Evanson's computer's hard drive "crashed in approximately October/November 2010" and that the hard drive was replaced after computer technicians failed to repair it (Doc. 75-8). On July 5, 2011, Veolia had Evanson's computer imaged by Evolve Discovery, a forensic consulting firm. The imaging showed that (1) the hard drive was replaced on September 7, 2010; (2) the internet browsing history for Internet Explorer had been deleted on July 4, 2011; (3) Google Chrome had been uninstalled from the computer and its browsing history had been deleted; (4) all sent emails from MS Outlook had been deleted by the user; (5) other emails in MS Outlook had been deleted by the user; and (6) all sent emails from Evanson's AOL email account had been deleted by the user (Doc. 75-9).

Veolia filed an amended complaint naming Evanson[1] as defendant on July 22, 2011(Doc. 73). On October 27, 2011, Veolia filed the currently pending motion, asking that Evanson be sanctioned for her "knowing and deliberate spoliation" of evidence, including her email records and computer hard drive (Doc. 94). Evanson has not responded to Veolia's motion.

---

[1] Veolia also named Lydia Evanson's husband, Greg Evanson, as a defendant for community property purposes only.

- 4 -

## II. Motion for Sanctions

Veolia seeks sanctions against Evanson for her spoliation of evidence, including the deletion of the image of her computer's hard drive, her internet browsing history, and her sent email files. The Court has discretion to sanction a party who causes the spoliation of evidence. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Destruction of evidence or the failure to preserve property for another's use as evidence in pending litigation constitutes spoliation. *See United States v. Kitsap Physicians Svs.,* 314 F.3d 995, 1001 (9th Cir. 2002). Specifically, failure to "preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d. 997, 1005 (D. Ariz. 2011) (quoting *Thompson v. U.S. Dept. Of Housing & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003)); *see also Leon*, 464 F.3d at 959 (noting willful destruction of electronic files constituted spoliation).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]" *Surowiec*, 790 F. Supp. 2d at 1005 (quoting *Goodman v. Praxair Servs., Inc.,* 632 F. Supp. 2d 494, 509 (D. Md. 2009)). Veolia has sufficiently established that Evanson's actions led to the spoliation of evidence and warrant sanction.

First, Evanson's duty to preserve her computer's hard drive and electronic data arose when she was served with Veolia's subpoena on August 8, 2010 seeking production of this information. *See id.* (quoting *Morford v. Wal–Mart Stores, Inc.*, No. 2:09–cv–02251–RLH–PAL, 2011 WL 635220, at *3 (D. Nev. Feb. 11, 2011)) (noting that duty to preserve arises "not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation"). The subpoena was issued in relation to the litigation that had already been pending for more than a month. From the facts presented, Evanson took several actions to destroy evidence after August 8, 2010: her hard drive was replaced on September 7, 2010, and she caused the image of her hard drive prepared by Lightstone to be destroyed on September 8, 2010 by failing to pay for the image and failing to notify Veolia that the image would imminently be destroyed. Indeed, her attorney's email to Lightstone requesting that the image of her hard drive not be destroyed because Evanson would likely need the image indicates Evanson's knowledge of her duty to preserve this evidence. Further, after she received a second subpoena for her electronic files and prior to the imaging of her computer done on July 5, 2011, it is a fair inference from Veolia's forensic examination showing that Evanson's sent email folders and internet browsing history had been deleted by the user, that Evanson affirmatively destroyed this evidence.

Second, Veolia has established that Evanson acted with a culpable mind when she took actions that led to the spoliation of evidence. Although courts "have not been uniform in defining the level of culpability–be it negligence, gross negligence,

willfulness, or bad faith–that is required before [finding that] sanctions [for spoliation of evidence] are appropriate[,]" *id.* at 1006 (quoting *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, (N.D. Tex. 2011)), the Court finds that Evanson acted at least willfully here, and likely in bad faith. Evanson was aware of Veolia's subpoena and had obtained counsel prior to her destruction of the evidence; indeed, it seems likely that she had her hard drive imaged for purposes related to this litigation. That after receiving Veolia's subpoena and having her hard drive imaged, Evanson then installing a new hard drive and refused to pay the imaging company to maintain the image of her hard drive amounts to a willful destruction of that evidence. Similarly, the fact that Evanson deleted her sent email files and internet browsing history immediately prior to Veolia's forensic investigation of her computer pursuant to a second subpoena indicates she was acting in bad faith by affirmatively deleting this information. Nor has Evanson provided any reasonable explanation for her failure to preserve the spoliated evidence; she has not even responded to Veolia's motion for sanctions to posit any alternative interpretation of the evidence presented by Veolia's forensic examination of her computer. The timing and character of Evanson's actions is therefore sufficient to establish Evanson acted with a culpable state of mind.

Finally, Veolia has sufficiently shown that the evidence destroyed was likely relevant to Veolia's claims. Although proof of relevance is difficult where the evidence has been completely destroyed, the spoliation itself and surrounding circumstances permit a fair inference that the evidence was highly relevant to this litigation. Evanson

had possession of the emails which were forwarded by the anonymous sender, and she admitted to accessing the email account of one of the email addresses from which the anonymous emails were sent. It is thus a fair inference that the evidence Evanson deleted likely contained information relevant to the central issue of this case – identifying the anonymous email senders. The fact that Evanson deleted her computer's hard drive, her internet browsing history, and her sent email files, coupled with her sworn affidavit that she had never accessed any of the anonymous emails that was later contradicted by her deposition testimony, also supports the conclusion that the deleted evidence was related to this case and prejudicial to Evanson. Accordingly, the Court finds that an award of sanctions is appropriate in these circumstances.

**III.    Entry of Default**

As a sanction for Evanson's spoliation of evidence, Veolia requests that the Court enter default judgment against Evanson.[2] The Court may, in its discretion, enter default judgment as a sanction under its "inherent power . . . to levy sanctions in response to abusive litigation practices." *Leon*, 464 F.3d at 958. Entry of default as a sanction is only warranted where the party "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Id.* (quoting *Anheuser-Busch, Inc. V. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). Accordingly, "a finding of 'willfulness, fault, or bad faith' is required" for

---
[2] Veolia also requests entry of default judgment against Greg Evanson, since he is named for community property purposes only.

terminating sanctions for spoliation of evidence to be proper. *Id.*

Here, the Court finds Evanson's conduct was willful. Although she had received subpoenas requesting relevant documents, electronic files, and images of her computer's hard drive and other devices, she still took action to destroy some of the requested material. Further, she allowed the image of her computer's hard drive taken by Lightstone Solutions to be destroyed, even though her lawyer indicated that the image would likely be needed by Evanson. Indeed, on the facts presented, it is a fair inference that Evanson's spoliation was intentionally done, in bad faith, for the purpose of destroying evidence that would likely be harmful to Evanson in this litigation. Because Evanson was on notice that the image of her computer's hard drive, sent email folders, and internet browsing history would be relevant to the litigation, her destruction of these constitutes at a minimum willful spoliation. *See Kitsap Physicians,* 314 F.3d at 1001 (noting that destruction of evidence is willful spoliation if party has "some notice that the documents were potentially relevant to the litigation before they were destroyed").

In addition to a finding of willfulness, the Court also considers the following factors in determining whether to enter default judgment as a sanction for the spoliation: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958. After weighing the factors, the Court concludes entry of default is an appropriate sanction for Evanson's spoliation of evidence.

First, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor entry of default here. This action was filed more than a year ago. Evanson's misrepresentations regarding her access to the veoliaemployees@yahoo.com email address, as well as her destruction of likely relevant evidence to this litigation, has unreasonably delayed the prosecution of this case.

Further, the risk of substantial prejudice to Veolia if default is not entered against Evanson is great. The evidence Evanson destroyed was likely directly relevant to Veolia's ability to establish the central issue of its case—the identity of the anonymous emailers—because Evanson has already admitted that she accessed one of the email addresses from which the anonymous emails were sent, indicating at least her knowledge of the sender's identity. In these circumstances, failing to grant default would cause Veolia to suffer substantial prejudice because Evanson's destruction of evidence has "impair[ed Veolia's] ability to go to trial" and "threaten[ed] to interfere with the rightful decision of the case." *Anheuser-Busch*, 69 F.3d at 353-54 (internal citations omitted). The Court will not force Veolia to "rely on incomplete and spotty evidence" at trial because of Evanson's actions in destroying relevant evidence. *See id.; see also Leon*, 464 F.3d at 960 (finding sanction of default judgment appropriate where spoliation of electronic files "'greatly impeded resolution of the case' by obscuring the factual predicate of the case and consuming months of sanction-related litigation" (citing *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 131 (9th Cir. 1987)).

While the policy favoring disposition of cases on the merits would generally

weigh against entry of default, the spoliation here has substantially impeded any effort to decide this case on the merits. Nor does the availability of less severe sanctions make entry of default inappropriate here. Nothing short of entry of default is adequate to correct the substantial prejudice that would result to Veolia if it were required to prosecute its case without the evidence destroyed by Evanson. Indeed, because the evidence that was destroyed here was so likely so central to Veolia's case, an adverse inference instruction would effectively establish Evanson's liability. Although granting default is an extreme sanction, the Court finds it to be necessary here to both protect Veolia from prejudice and to sufficiently deter destruction of electronic data, which is often easily accomplished and highly prejudicial. *See Computer Assoc. Int'l, Inc. v. Am. Fundware, Inc.,* 133 F.R.D. 166, 170 (D. Colo. 1990) ("One who anticipates that…production of damning evidence[] will produce an adverse judgment[] will not likely be deterred from destroying that decisive evidence by any sanction less than the adverse judgment he … is tempted to thus evade.").

The Court accordingly finds that entry of default is an appropriate sanction in these circumstances. However, Veolia has not identified the amount of damages sought in this motion. Where the evidence of damages is not a sum certain, the Court cannot enter default judgment. Fed. R. Civ. P. 55. The Court will therefore set a default hearing at which Veolia may present evidence of the damages it seeks. Veolia has also requested its attorneys' fees and costs, but has similarly failed to include any evidence of the amount of fees and costs sought. Accordingly, this request will be denied without

prejudice to filing a separate motion for attorneys' fees and costs outlining the amount sought.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions (Doc. 94) is granted.

IT IS FURTHER ORDERED that the Clerk's Office enter default against Defendants Lydia and Greg Evanson.

IT IS FURTHER ORDERED that Plaintiff's Request for Summary Adjudication and Award of Attorneys' Fees (Doc. 96) is denied as moot, without prejudice to refiling a separate motion for attorneys' fees presenting evidence of the specific amount claimed.

IT IS FURTHER ORDERED setting a default hearing on the amount of Plaintiff's damages for December 19, 2011, at 3:30 p.m.

Dated this 28th day of November, 2011.

_____
Neil V. Wake
United States District Judge